IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO SIERRA,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-06-0604 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **DAVID DIGUGLIELMO,** *et al.,* | : | |
| | : | |
| Respondents. | : | |

**M E M O R A N D U M**

**I.   Introduction**

Petitioner, Antonio Sierra, an inmate at the State Correctional Institution in Graterford ("SCI-Graterford"), Pennsylvania, commenced this action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254.  The petition has been fully briefed and it is ripe for disposition.  For the following reasons, the petition will be dismissed as untimely.

**II.   Background**

On September 11, 1998, Petitioner and a co-defendant were found guilty by a jury in the Lebanon County Court of Common Pleas in Lebanon, Pennsylvania, for the offenses of criminal attempt to commit criminal homicide (three counts) graded in the third degree, aggravated assault (six counts), reckless endangerment (three counts), unlawful restraint (three counts), arson (three counts), theft (three counts), attempted theft (three counts), robbery (eight counts), and criminal conspiracy (one count).  The charges arose from an incident on November 4, 1997, in which Petitioner and four others went to the apartment of Lisa Taylor.  When they arrived, Taylor was not home, but her guests, Anthony Miles and Daniel Baker, invited the group into the apartment.  Ultimately, Petitioner attacked Miles,

Baker, and one of his companions, bound the victims with wires and cord, robbed the victims, started a fire at the apartment, and fled.  Fortunately, the three victims were able to escape the burning building.

On October 28, 1998, Petitioner was sentenced to an aggregate sentence of twenty (20) to sixty (60) years imprisonment.  On November 18, 1998, the sentencing judge rejected Petitioner's motion for modification of sentence, which challenged the duration and severity of the sentence.  Petitioner filed a direct appeal to the Pennsylvania Superior Court.  Shortly thereafter, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C. S. § 9541 *et seq.,* which was dismissed in light of the pending appeal.

On October 13, 1999, the Superior Court dismissed the direct appeal for failure to file a brief.  On February 16, 2000, Petitioner filed a second PCRA petition, and by decision dated May 12, 2000, the trial court granted Petitioner leave to file an appeal *nunc pro tunc*.  Thereafter, on May 2, 2001, the Superior Court denied Petitioner's motions for relief.  Petitioner filed no further pleadings until March 23, 2004 when he filed a petition to vacate sentence.  The petition was summarily denied as untimely.  Petitioner appealed the dismissal to the Superior Court, arguing that he should not have been convicted of criminal attempt to commit criminal homicide in the third degree.  The Superior Court denied relief on October 7, 2004, and the Pennsylvania Supreme Court denied allowance of appeal on April 19, 2005.  The instant petition ensued on September 12, 2005.  Although the petition was filed in the United States District Court for the Eastern District of Pennsylvania, the case was transferred to this Court on March 23, 2006.  Respondent claims that the petition

should be dismissed as untimely.[1]  The Court agrees.

## III.     Discussion.

Under the provisions of 28 U.S.C. § 2244(d)(1), a one-year statute of limitations is imposed on all habeas applications by persons ". . . in custody pursuant to the judgment of a State court . . .", which runs from ". . . the latest of -- (A) the date on which the judgment became final . . . (B) the date on which the impediment to filing . . . is removed . . . (C) the date on which the constitutional right asserted was initially recognized . . . or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Under the provisions of §2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Petitioner's challenged sentence, imposed on October 28, 1998, became final after the expiration of the thirty-day appeal period from the Superior Court's denial of Petitioner's *nunc pro tunc* appeal on May 2, 2001.  Since Petitioner's motion to vacate sentence, filed on March 23, 2004, was dismissed as untimely, it did not toll the one-year statute of limitations.  *See Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (untimely petition for collateral relief does not toll statute of limitations).  Thus, by the time his current petition was filed in the Eastern District Court, on September 12, 2005, the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) had long since expired.  While the AEDPA's

---

[1]Respondent also argues that Petitioner's claims are without merit.  In light of the Court's disposition of the petition as untimely, Respondent's additional arguments will not be addressed by the Court.

limitations period is subject to equitable tolling in certain limited situations, *Miller v. New Jersey State Dep't. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998), Petitioner has failed to submit any evidence or facts that warrant extending the deadline for him to file in this Court. The "statute of limitations may be equitably tolled when a state prisoner faces extraordinary circumstances that prevent [him] from filing a timely habeas petition and the prisoner has nonetheless exercised reasonable diligence in attempting to vindicate [his] claims." *McKeithan v. Varner*, 108 Fed.Appx. 55, 57 (3d Cir. 2004) (citing *Fahy v. Horn*, 240 F.3d 239, 244-45 (3d Cir. 2001)).  The record is clear that Petitioner has failed to be reasonably diligent, and although he claims that "due to government interference, [he] was unable to retrieve his [legal materials until January 29, 2004]" (Doc. 26 at 3), he does not explain how this would relieve his delay in filing the instant petition from June, 2001, to September, 2005.  Thus, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).  An appropriate order follows.


Dated: July 18, 2006.                                          /s/ A. Richard Caputo
                                                          A. RICHARD CAPUTO
                                                          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO SIERRA,** | : | |
| | : | |
| Petitioner, | : | **CIVIL NO. 3:CV-06-0604** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **DAVID DIGUGLIELMO,** *et al.,* | : | |
| | : | |
| Respondents. | : | |

# **O R D E R**

**AND NOW, THIS 18th DAY OF JULY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as untimely, pursuant to the provisions of 28 U.S.C. § 2244(d)(1).

2. The Clerk of Courts is directed to mark this case **CLOSED**.

3. Based upon the foregoing, there is no basis for issuance of a certificate of appealability.

          /s/ A. Richard Caputo
          A. RICHARD CAPUTO
          United States District Judge